**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| FARM CREDIT SERVICES OF AMERICA, FLCA,<br><br>        **Plaintiff,**<br><br>vs.<br><br>NICOLE TIFFT, and CORNERSTONE INSURANCE SERVICES, INC.,<br><br>        **Defendants,**<br><br>    and<br><br>CORNERSTONE INSURANCE SERVICES, INC.,<br><br>        **Counter-Claimant,**<br><br>vs.<br><br>FARM CREDIT SERVICES OF AMERICA, FLCA,<br><br>        **Counter-Defendant.** | 8:18CV80<br><br>**AMENDED FINAL PROGRESSION ORDER** |

       This matter comes before the Court on the Joint Email Motion to Amend Requesting a Modification of the Final Progression Order (Filing No. 78). The parties have scheduled mediation for June 24, 2019, and request extensions of certain case progression deadlines. After review of the parties' request, the Court finds good cause to grant their requested extensions. Accordingly,

       **IT IS ORDERED** that the parties' Joint Email Motion to Amend Requesting a Modification of the Final Progression Order (Filing No. 78) is granted, and the following deadlines shall apply:

    1)    The jury trial of this case remains set to commence before John M. Gerrard, Chief United States District Judge, in Courtroom 1, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska, at **9:00 a.m.** on **November 4, 2019**, or as soon thereafter as the case may be called, for a duration of four (4) trial days. This case is subject to the prior trial of criminal cases and other civil cases that may be scheduled for trial before this one. Jury selection will be held at the commencement of trial.

    2)    The Pretrial Conference remains scheduled before the undersigned magistrate judge on **October 21, 2019**, at **10:00 a.m.**, and will be conducted in chambers. The parties' proposed Pretrial Conference Order and Exhibit List(s) must be emailed to nelson@ned.uscourts.gov, in Word format, by **3:00 p.m.** on **October 15, 2019**.

3) The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **August 1, 2019**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **August 15, 2019**.
**Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

4) The deadlines to complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is **July 15, 2019**.

5) The deposition deadline remains **May 1, 2019**. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is **eight (8)**.

6) The deadline for filing motions to dismiss and motions for summary judgment is **September 3, 2019**.

7) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **August 1, 2019**.

8) Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

9) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 26th day of April, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.